UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 2:10-CR-648 |
| § | |
| MONTE LEE ARMSTRONG; aka § | |
| ARMSTRONG § | |

## ORDER

Monte Lee Armstrong filed a motion to reduce sentence pursuant to Amendment 782 and 18 U.S.C. § 3582(c)(2). D.E. 91. Although Armstrong was eligible for consideration pursuant to Amendment 782, this Court previously denied him a sentence reduction based upon the need to further need to protect the community by Order of the Court dated April 14, 2015. D.E. 84. The Court construes the present motion to be a motion for reconsideration.

After a jury trial, Armstrong was sentenced in December 2010 to 135 months imprisonment for possession with intent to distribute 1096.2 kilograms of marijuana. D.E.46. "A defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may apply for a reduction in his sentence if the amendment applies retroactively. 18 U.S.C. § 3582(c)(2). Amendment 782 became retroactive on November 1, 2014. U.S.S.G. § 1B1.10(e).

At the time of Armstrong's sentencing in 2010, the Court was aware of his extensive criminal background, although many of his convictions were too old to be scored. By age 30, Armstrong had eight convictions for driving violations that endangered the public such as Reckless Operation of a Vehicle--Speeding 120 mph in a 55 zone, Willful Speed Exhibition, Failing to Heed Blue Light and Siren, Speed to Elude Arrest, and Reckless Driving--Wanton Disregard. *See* D.E. 35, ¶¶ 26-33. After that he was convicted for Felony Fraudulently Burning a

Building, felony conspiracy regarding the arson and felony Insurance Fraud, Felony Sell and Delivery of a Controlled Substance, Felony Insurance Fraud, two Domestic Violence Protective Order violations, and Second Degree Trespass and Communicating Threats. *Id.*, ¶¶ 34-41. Due to the age of these and his receipt of probation for others, his criminal history category of I significantly under-represented the seriousness of his criminal history. Despite the recommendations for an upwards departure by the Probation Department and the government, the Court sentenced Armstrong to a mid-guideline range sentence of 135 months. D.E. 56, pp. 13-14, 17.

When a defendant qualifies for retroactive sentence reduction, the decision whether to reduce a sentence is left to the sound discretion of the trial court. *United States. v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997); *accord United States v. Brooks*, 396 Fed. App'x. 103, 105 (5th Cir. Sept. 24, 2010) (per curiam) (designated unpublished). A district court is required to consider the 18 U.S.C. § 3553(a) factors as well as the policy as stated in U.S.S.G. § 1B1.10(b). 18 U.S.C. § 3582(c)(2). This Court considered those factors again when the Court denied Armstrong a sentence reduction nearly a year ago, but denied the reduction based upon the further need to protect the community. Armstrong has presented nothing new for the Court to consider. The Court denies his motion (D.E. 91).

SIGNED and ORDERED this 12th day of April, 2016.

_____
Janis Graham Jack
Senior United States District Judge